IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RACHEL ARMSTRONG,

      Plaintiff,                              No. CIV S-07-1456 DAD

      v.

MICHAEL ASTRUE,                          <u>ORDER</u>
Commissioner of Social Security,

      Defendant.
_____/

      Plaintiff brought this action seeking judicial review of a final administrative decision pertaining to an overpayment and waiver of recovery under the Social Security Act. After defendant filed an answer to plaintiff's complaint and plaintiff moved for summary judgment, the parties stipulated to a voluntary remand of the case pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. By stipulation and order filed March 7, 2008, the administrative decision was vacated, and the Clerk of the Court entered judgment in this action. Plaintiff's timely motion for attorney fees is before the court.

      The court begins by clarifying plaintiff's motion. The caption of the filing indicates that plaintiff seeks an award of attorney fees under both the Equal Access to Justice Act, 28 U.S.C. § 2412, "and § 406(b)." In the notice of motion, plaintiff asks for an award of attorney fees "to be paid by the defendant pursuant to the Equal Access to Justice Act, 28 U.S.C.

1

§ 2412 and the Social Security Act, 42 U.S.C. § 406(b)." While an award pursuant to the Equal Access to Justice Act (EAJA) is paid by the government, an award pursuant to § 406(b) is paid out of a successful claimant's past-due benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). Plaintiff's references to § 406(b) are erroneous because this case does not involve past-due benefits. The court will therefore construe the pending motion as one brought solely under the EAJA.

Plaintiff seeks an award of $2,137.50 for 14.25 hours of attorney time at the rate of $150.00 per hour. Plaintiff also seeks an award of costs in the amount of $350.00 for the filing fee. Although plaintiff's motion was served on defendant, defendant has not filed any response to the motion.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). The term "fees and other expenses" includes "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins, 154 F.3d at 987 (quoting 28 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

A party who obtains a remand for the payment of benefits in a Social Security case is a prevailing party for purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993); see also Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.").

1       The court finds that plaintiff is the prevailing party, that she did not unduly delay
2 this litigation, and that her net worth did not exceed two million dollars when this action was
3 filed.  The court also finds that the position of the Commissioner was not substantially justified.
4 See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th Cir. 1998) ("While the government's defense on
5 appeal of an ALJ's procedural error does not automatically require a finding that the
6 government's position was not substantially justified, the defense of basic and fundamental errors
7 such as the ones in the present case is difficult to justify."); Sampson v. Chater, 103 F.3d 918,
8 921-22 (9th Cir. 1996) (finding no substantial justification where the Commissioner did not
9 prove that her position had a reasonable basis in either fact or law and "completely disregarded
10 substantial evidence" of the onset of disability).

11       The EAJA expressly provides for an award of "reasonable" attorney fees.  28
12 U.S.C. § 2412(d)(2)A).  Although attorney fees under EAJA are set at the market rate, the fees
13 are capped at $125.00 per hour.  See Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing
14 28 U.S.C. § 2412(d)(2)(A)).  Determining a reasonable fee "requires more inquiry by a district
15 court than finding the 'product of reasonable hours times a reasonable rate.'" Atkins, 154 F.3d at
16 988 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The court must consider "'the
17 relationship between the amount of the fee awarded and the results obtained.'" Id. at 989
18 (quoting Hensley, 461 U.S. at 437.)

19       Here, plaintiff's counsel secured a remand after filing a motion for summary
20 judgment.  Having reviewed the itemization of the attorney hours spent on this case, the court
21 finds that the claimed 14.25 hours of attorney time is reasonable and that the number of hours is
22 comparable to the amount of time devoted to similar tasks by counsel in other social security
23 appeals coming before this court.  Therefore, the court finds that counsel for plaintiff is entitled
24 to an EAJA fee award for the number of hours requested.

25       Plaintiff's counsel seeks to recover attorney fees at a rate greater than $125.00 per
26 hour but less than the hourly rate that would result from application of the national Consumer

Price Index for Urban Consumers. The court finds it appropriate to adjust the statutory rate of $125.00 per hour to $150.00 per hour. Plaintiff will be awarded $2,137.50 for 14.25 hours of attorney time at the hourly rate of $150.00.

Under § 2412(a) of the EAJA, a judgment for costs may be awarded to the prevailing party. 28 U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Costs include filing fees, service fees, court reporter's fees, and fees for printing and photocopying. See 28 U.S.C. § 1920; Local Rule 54-292(f). In addition, costs ordinarily billed to the client, such as telephone calls, postage, courier, and attorney travel expenses, are recoverable under the EAJA. Int'l Woodworkers of Am. v. Donovan, 792 F.2d 762, 767 (9th Cir. 1986); see also Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) ("[W]e reject the government's argument that telephone, reasonable travel, postage, and computerized research expenses are not compensable under the EAJA."). Pursuant to 28 U.S.C. § 2412(a), the court will award plaintiff the requested sum of $350.00 for the filing fee.

The court will also grant plaintiff's unopposed request that the EAJA award be paid to plaintiff's attorney. Making attorney fees payable to the attorney is not only the most reasonable interpretation of the EAJA but also the only interpretation that will avoid the result of thwarting Congress' intent to enable litigants to bring meritorious litigation. See Williams v. Comm'r of Soc. Sec., 549 F. Supp. 2d 613, 617-19 (D.N.J. 2008) (holding that EAJA attorney fees are to be paid directly to the claimant's attorney because paying fees directly to the claimant would frustrate the purpose of the EAJA); Stephens v. Astrue, 539 F. Supp. 2d 802, 807-08 (D. Md. 2008) (holding that "an interpretation of the EAJA that awards fees to counsel, rather than the prevailing party, best reflects Congress's goal of the statute – assuring the competent representation of persons challenging unreasonable government action"); Ali v. Gonzales, 486 F. Supp. 2d 1197, 1198 (W.D. Wash. 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to plaintiff's pro bono counsel); Garner v. Astrue, No. 06-CV-769C, 2008 WL 2357409, at *1 (W.D.N.Y. June 4, 2008) (finding that the "purpose of the EAJA is upheld if

attorneys are encouraged to provide legal representation in Social Security cases with the promise of payment should the representation be successful"); Ky Ha v. Astrue, case No. CIV S-06-1690 KJM, Order filed Nov. 8, 2007, at 2-4 (E.D. Cal. Nov. 8, 2007) (awarding EAJA attorney fees and ordering that the fees be made payable to the plaintiff's counsel).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 24, 2008 motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, is granted;

2. Plaintiff is awarded $2,137.50 for attorney fees under 28 U.S.C. § 2412(d) and $350.00 for costs under 28 U.S.C. § 2412(a), for a total award of $2,487.50; and

3. The award of fees and costs shall be made payable to plaintiff's attorney, Jesse S. Kaplan.

DATED: July 9, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/armstrong1456.attyfees.eaja